UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| LO3 ENERGY, INC., | : | |
| Plaintiff, | : | 17 Civ. 2788      (     ) |
| - against - | : | NOTICE OF REMOVAL |
| VULCANIZE, INC., ARTHUR FREDERICK DUDLEY, and ADAM SCISLOWICZ, | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE that under 28 U.S.C. § 1441 *et seq.*, defendants Vulcanize, Inc, Arthur Frederick Dudley, and Adam Scislowicz ("Defendants") hereby remove this action, originally commenced in the Supreme Court of the State of New York, County of New York, under Index No. 651743/2017 (the "State Court Action"), to the United States District Court for the Southern District of New York, as a case within this Court's original and exclusive jurisdiction, and state as follows.

1.  Plaintiff LO3 Energy, Inc. ("LO3 Energy") commenced the State Court Action against Vulcanize, Inc. ("Vulcanize"), Arthur Frederick Dudley ("Dudley"), and Adam Scislowicz ("Scislowicz"), in the Supreme Court of the State of New York, County of New York, under New York County Clerk's Index No. 651743/2017, on March 31, 2017. (A true copy of the summons and complaint in the State Court Action is annexed hereto as Exhibit A.) Following its commencement, counsel to LO3 on March 31, 2017, sent a copy electronically to counsel then representing Defendants. Under 28 U.S.C. § 1441(b)(1), the last day for Defendants to remove the State Court Action to this Court is therefore April 30, 2017, and thus removal will have been effected timely.

2. The complaint in the State Court Action asserts three claims for relief, each against all Defendants. These are: (a) breach of written contract; (b) misappropriation of trade secrets; and (c) misappropriation of ideas. While the complaint purports that such claims arise at common law, in fact the State Court Action complaint is suffused with issues that arise under and are controlled by the federal Copyright Act, 17 U.S.C. § 101 *et seq.*, (the "Copyright Act"), and its breach of contract claim is nothing other than a claim arising under the copyright laws of the United States claim masquerading as a common-law claim. Moreover, the complaint in the State Court Action additionally states explicit claims that sound in unfair competition joined with a claim whose gravamen is copyright.

3. Under 28 U.S.C. § 1338(a), claims arising under the Copyright Act are committed to the original and exclusive jurisdiction of the district courts of the United States. Under that same statute and subsection, state courts of the United States are barred from entertaining such claims. Under 28 U.S.C. § 1338(b), claims of unfair competition when joined with "a substantial and related claim" under the copyright laws of the United States are similarly committed to the original and exclusive jurisdiction of the district courts of the United States.

4. Accordingly, the State Court Action is properly removable to this Court under 28 U.S.C. § 1441(a). This Court has original and exclusive jurisdiction over claims relating to copyright under 28 U.S.C. § 1338(a), and over claims of unfair competition when joined with "a substantial and related claim" relating to the copyright laws of the United States under 28 U.S.C. § 1338(b).

5. Alternatively, this Court has subject matter jurisdiction predicated on 28 U.S.C. § 1338(a) and 28 U.S.C. § 1338(b). and jurisdiction over the common law claims that

plaintiff asserts in the complaint in the State Court Action under the Court's supplemental jurisdiction as prescribed by 28 U.S.C. § 1367.

WHEREFORE, Defendants pray that this Court approve the removal of the State Court Action to this Court, that further proceedings in this case be conducted under 28 U.S.C. § 1447 and such other federal statutes and rules as may be applicable, and that it grant them such other and further relief as may be just and proper in the circumstances of the matter, including attorneys' fees and costs under contract and relevant statutes.

Dated: New York, New York
April 18, 2017

        KARLINSKY LLC

        By: /s/ Martin E. Karlinsky
            Martin E. Karlinsky, Esq.

        1500 Broadway, 8th Floor
        New York, New York 10036
        Phone: (646) 437-1430
        Fax:    (646) 437-1433
        martin.karlinsky@karlinskyllc.com

        *Attorneys for Defendants Vulcanize, Inc,*
        *Arthur Frederick Dudley, and Adam Scislowicz*

TO:    Tonia Ouellette Klausner, Esq.
        Gerard D. O'Shea, Esq.
        Jason Mollick, Esq.
        WILSON SONSINI GOODRICH & ROSATI
        1301 Avenue of the Americas, 40th Floor
        New York, New York 10019
        Phone: (212) 999-5800
        Fax:    (212) 999-5899
        Email: tklausner@wsgr.com
                goshea@wsgr.com
                jmollick@wsgr.com

        *Attorneys for Plaintiff LO3 Energy, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 18, 2017, a copy of the foregoing was electronically filed with the Clerk of the United States District Court for the District of New York, and served by email upon counsel identified below:

Tonia Ouellette Klausner, Esq.
Gerard D. O'Shea, Esq.
Jason Mollick, Esq.
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Phone: (212) 999-5800
Fax:    (212) 999-5899
Email: tklausner@wsgr.com
       goshea@wsgr.com
       jmollick@wsgr.com

*Attorneys for Plaintiff LO3 Energy, Inc.*

                                            /s/ Martin E. Karlinsky
                                                Martin E. Karlinsky